IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RAY FRANCE; JAMIE THOMPSON; CARLY V. SCHLAPKOHL;<br><br>Plaintiff,<br><br>v.<br><br>CHRIS DEWEY; LT. MCQUEARY; SERGEANT WAIDELICH; OFFICER R. LUNCEFORD; SERGEANT HOYLE; J. CHAPMAN; OFFICER MARSH; OFFICER D. WEATHERS,<br><br>Defendants. | No. C 18-5659 WHA (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff, Michael Ray France, is an inmate in the Mendocino County Jail proceeding pro se. He filed this civil rights case under 42 U.S.C. 1983 against employees of the Ukiah Police Department, a parole officer, and the Mendocino County District Attorney. Two other plaintiffs, who not inmates, are included in the complaint, but they have not signed the complaint or any other papers filed by France. Leave to proceed in forma pauperis is granted in a separate order. For the reasons discussed below, the complaint is **DISMISSED** for failure to state a cognizable claim for relief.

## ANALYSIS

**A. STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims

which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

**B.    LEGAL CLAIMS**

Plaintiff Michael Ray France claims that defendants — officers and superiors in the Ukiah Police Department, the District Attorney of Mendocino County, and a parole officer — violated his rights by conducting an illegal search of his home, which led to his arrest and prosecution. He claims that the arrest was false, that the prosecution was malicious and retaliatory, and that he is being falsely imprisoned based upon his conviction of false charges. He seeks to have his the charges dismissed, he seeks monetary damages, and he seeks removal of defendants from their positions.

France's claims cannot proceed because, if successful, they would necessarily undermine the validity of his criminal judgment and sentence. In order to recover damages under Section 1983 for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a

plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under Section. *Id.* at 487. *Heck* applies to prison disciplinary findings that, as here, resulted in the loss of time credits, if "the nature of the challenge" to the disciplinary finding is "such as necessarily to imply the invalidity" of the disciplinary finding. *Edwards v. Balisok*, 520 U.S. 641, 645 (1997). The district court must therefore consider whether a judgment in favor of the plaintiff would "necessarily" imply the invalidity of his conviction or disciplinary finding; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *See id.* at 487. 8.

The Ninth Circuit has held that *Heck* generally bars claims challenging the validity of an arrest, prosecution or conviction. *See Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (*Heck* barred plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (*Heck* barred plaintiff's false arrest and imprisonment claims until conviction was invalidated); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (Heck barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him). Accordingly, France's claims of wrongful arrest, false imprisonment, a malicious, and an invalid conviction are barred by *Heck*.

France also claims that his arrest and prosecution were retaliation for a prior lawsuit that he filed against Mendocino County and various of its employees. This claim is also barred by *Heck*. Success on France's retaliation claim requires proof that defendants took adverse action against him because of his protected conduct, and that such action chilled his exercise of his First Amendment rights and did not reasonably advance a legitimate law enforcement goal. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of an inmate's

3

retaliation claim). If France proves that defendants arrested and prosecuted him *because of* his prior lawsuit, as he would be required to do in order succeed on his retaliation claim, this would necessarily imply that he was not arrested or prosecuted because he had committed the crimes, which in turn would undermine the validity of his conviction and sentence. Success on his retaliation claim would also require him to prove that his arrest and prosecution did not advance any legitimate law enforcement goal, such as arresting and prosecuting him for committing a crime. Therefore, proving the lack of a legitimate law enforcement goal would require showing that he did not commit a crime and thereby necessarily imply that his conviction for committing such a crime is not valid. Consequently, France's retaliation claims are also barred by *Heck*.

Two additional plaintiffs are named in the complaint, Jamie Thompson and Carley Schlapkohl. Thompson is alleged to have been present and injured when defendants searched France's home. Neither of these two plaintiffs have signed the complaint or any other papers filed herein, as they are required to do under Rule 11 of the Federal Rules of Civil Procedure. Plaintiff, who is not a lawyer, may not represent them or appear on their behalf. Thompson and Schlapkohl may bring their claims in a complaint signed by them and filed in a new case.

## CONCLUSION

For the reasons set out above, this case is **DISMISSED** for failure to state a cognizable claim for relief. This dismissal is without prejudice to plaintiff France re-filing his claims if his conviction is ever reversed, dismissed or otherwise invalidated. France may also challenge the validity of his conviction, and seek to have it vacated, in federal court by filing a petition for a writ of habeas corpus after all of his state court appeals are exhausted. Plaintiffs Thompson and Schlapkohl may pursue their claims in a new case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: November 19, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4